## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 13 2016, 8:37 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Gerald L. Doll
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gerald L. Doll,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | July 13, 2016<br><br>Court of Appeals Case No.<br>91A02-1602-CR-259<br><br>Appeal from the White Superior Court<br><br>The Honorable Robert J. Mrzlack, Judge<br><br>Trial Court Cause No.<br>91D01-1202-FB-25 |

**Baker, Judge.**

[1] Gerald Doll appeals the denial of his motion for a writ of habeus corpus motion by the trial court. Finding no error, we affirm.

[2] On February 28, 2012, the State charged Doll with robbery resulting in bodily injury, a class B felony; robbery, a class C felony; resisting law enforcement, a class D felony; and residential entry, a class D felony. The following day, the State added a charge of criminal confinement, a class C felony.

[3] On September 4, 2012, Doll pleaded guilty pursuant to a plea agreement to robbery resulting in bodily injury, robbery, and resisting law enforcement. The other two charges were dismissed. On October 2, 2012, the trial court sentenced Doll to thirty years, pursuant to his plea agreement.

[4] Doll filed a post-conviction relief petition in the post-conviction court, but withdrew it on December 1, 2014.[1] Beginning in June 2015, he began filing numerous pro se pleadings in the trial court. The trial court denied these pleadings on October 26, 2015, because the case before the trial court had closed with Doll's guilty plea and sentencing.

[5] On November 30, 2015, Doll filed a motion for a writ of habeas corpus. The trial court denied the motion on the grounds that Doll "has not alleged any infirmity with the judgment of conviction and has not raised any questions of

---

[1] There is no indication in the Chronological Case Summary that Doll ever filed a direct appeal.

the legality of his confinement . . . ." Appellant's Br. p. 25. Doll now appeals pro se.

[6] Although litigants are entitled to represent themselves in the legal system, pro se litigants without legal training are held to the same standard as trained counsel and are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004). One of our appellate rules is that every argument be "supported by cogent reasoning." Ind. Appellate Rule 46(A)(8)(a).

[7] Doll's argument is the following. He argues that he is the agent for an "ens legis," a legal fiction, with the same name as himself. He then says that he "is a secured party and has given notice to a superior lien interest . . . ." Appellant's Br. p. 3. He points to a UCC financing statement in which he purported to create a security interest in himself. He then likens his plea agreement to a contract that is unenforceable as a violation of public policy. He also says the plea agreement is a contract of adhesion, any ambiguities in which should be held against the State. He then argues that only persons indebted to the State are subject to its statutes. Finally, he argues that the people involved in his conviction are engaged in a "conspiracy rising to the level of RICO." *Id.* at 21.

[8] Doll is wrong. Indiana Code section 35-41-1-1(b)(1) provides that a person may be convicted under Indiana law if "either the conduct that is an element of the offense, the result that is an element, or both, occur in Indiana." Doll was charged with five crimes, all of which occurred within Indiana. He pleaded

guilty to three of those crimes. Just as at the trial court level, he has not made any allegation that challenges the legality of this outcome.

[9] The judgment of the trial court is affirmed.

May, J., and Brown, J., concur.